1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     DANIEL AARON ECKES,                          No.  2:14-cv-1447 MCE AC P

12                    Petitioner,

13            v.

14     ERIC ARNOLD, Warden,                         FINDINGS AND RECOMMENDATIONS

15                    Respondent.

16

17     I.  Introduction

18            Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19     pursuant to 28 U.S.C. § 2254.  Presently pending are two matters:  (1) petitioner's motion to stay

20     and abey this action, filed contemporaneously with his petition, ECF No. 2; and (2) respondent's

21     motion to dismiss the petition, ECF No. 11.  For the reasons set forth herein, this court

22     recommends that respondent's motion to dismiss be granted, and petitioner's motion to stay be

23     denied as moot.

24     II.  Factual and Procedural Background

25            Based on an incident that occurred March 26, 2010, petitioner was charged in Yolo

26     County Superior Court with attempted murder (in violation of California Penal Code[1] §§ 664(a)

27     

28     _____

       [1]  All further Penal Code and Section references are to the California Penal Code.

                                                    1

1    and 187(a)) (Count 1); attempted second degree robbery (in violation of Penal Code §§ 664 and

2    211) (Count 2); and conspiracy to commit robbery (in violation of Penal Code §§ 182(a)(1) and

3    211) (Count 3).  Each count included enhancement allegations of firearm use and infliction of

4    great bodily injury.  See Respondent's Lodged Doc. No. 2, Appendix before the Court of Appeal,

5    at 001-004.

6         On February 6, 2012, in exchange for the dismissal of Counts 1 and 2 and a maximum

7    prison term of 22 years, petitioner entered a guilty plea on Count 3 and admitted the enhancement

8    allegations of firearm use (Penal Code § 12022.53(c)), and great bodily injury (id., § 12022.7(a)).

9    See Lodged Doc. No. 2, Appendix at 005-012.  The plea included an agreement that the great

10    bodily injury enhancement would be dismissed at sentencing pursuant to a "Harvey waiver."[2]  Id.

11         On March 12, 2012, after imposing restitution and fines, and dismissing the great bodily

12    injury enhancement, the trial court sentenced petitioner to a 22-year term of incarceration, based

13    on the following calculation:  Two years based on petitioner's conviction for "conspiracy to

14    commit a felony" in violation of Section 182(a)(1)[3] and twenty years based on the firearm

15    enhancement set forth in Section 12022.53(c).[4]  Lodged Doc. No. 2 at 013-022, 033.  The trial

16    court explained that its sentence under Section 182 was based on the "middle base term" of two

17    years for second degree robbery.  Id. at 20.  Petitioner was represented by defense attorney

18    Russell Miller throughout the trial court proceedings.

19         On April 26, 2012, court-appointed appellate counsel, William Malloy, filed a "Wende

20    ////

21

---

22    [2]  The California Supreme Court's holding in People v. Harvey, 25 Cal. 3d 754 (1979), authorizes

23    a trial court to impose restitution on a defendant based on a count that is subsequently dismissed
pursuant to a plea bargain.

24    [3]  Felony conspiracy includes the following:  "If two or more persons conspire . . . [t]o commit
any crime."  Cal. Penal Code § 182(a)(1).

25    [4] Penal Code section 12022.53(c) provides:

26
          Notwithstanding any other provision of law, any person who, in the

27          commission of a felony specified in subdivision (a) [enumerated
         felonies], personally and intentionally discharges a firearm, shall be

28          punished by an additional and consecutive term of imprisonment in
         the state prison for 20 years.

2

brief" in the California Court of Appeal, Third Appellate District.[5]  On May 10, 2013, the Court

of Appeal affirmed petitioner's judgment of conviction, but directed the trial court to correct the

abstract of judgment to properly reflect imposition of the low (rather than middle) term of two

years as the base term for petitioner's conviction for conspiracy to commit robbery,[6] and to

correctly identify the source of petitioner's conduct credits.[7]  Lodged Doc. No. 1 at 3 (Case No.

C070957); see also People v. Eckes, 2013 WL 1984392 (Cal. App. 3d 2013).  Petitioner did not

seek further direct review in the California Supreme Court.

  Meanwhile, on May 8, 2013 (two days prior to the Court of Appeal's decision on direct

review), and through a third attorney, Donald Masuda, petitioner filed a petition for writ of

habeas corpus in the California Court of Appeal, Third Appellate District.  Lodged Doc. No. 2.

Petitioner contended that his sentence violated the California Penal Code because Section

182(a)(1) (felony conspiracy to commit a crime) is not among the enumerated felonies that

qualify for enhancements under Section 12022.53(c).  Petitioner argued that his twenty-year

enhancement under Section 12022.53(c) should be stricken.  Id.  On May 16, 2013, the Court of

Appeal summarily denied the petition.  Lodged Doc. No. 3 (Case No. C073700).

  On May 29, 2013, again through attorney Masuda, petitioner filed a petition for review in

the California Supreme Court, on the same grounds asserted in his petition for writ of habeas

corpus denied by the Court of Appeal.  Lodged Doc. No. 4.  Petitioner again contended that his

---

[5]  A "Wende" brief sets forth the facts of a case, requests that the appellate court review the entire record on appeal without raising a specific issue, and offers to provide further briefing if requested by the court.  See People v. Wende, 25 Cal. 3d 436 (1979).

[6]  The Court of Appeal explained:

> Conspiracy is punishable in the same manner as the target offense (§ 182, subd. (a) foll. par. (6)), which in this case is robbery. Second degree robbery is punishable by two, three, or five years. The court stated it was imposing the "middle base term of two years" and the abstract of judgment repeats the error.  Since the plea bargain was clearly for a two-year base term, the court's records should be corrected to reflect imposition of the low term of two years as the base term.

People v. Eckes, 2013 WL 1984392 at *1.

[7]  The Court of Appeal directed the trial court to correctly identify the source of petitioner's conduct credits as Penal Code section 2933.1, not section 4019.  See Lodged Doc. No. 1 at 3.

1   sentence was unauthorized by California statutory law and that his enhancement should be

2   stricken.  Id.  On July 24, 2013, the California Supreme Court summarily denied review.  Lodged

3   Doc. No. 5 (Case No. S211039).

4        Several months later, on May 9, 2014, through attorneys Tara Hoveland and Kent Russell,

5   petitioner filed a petition for writ of habeas corpus in the Yolo County Superior Court.  Lodged

6   Doc. No. 6.  Petitioner claimed that his constitutional rights to due process and effective

7   assistance of counsel were violated by the failure of his trial counsel to argue that the felony to

8   which petitioner pled guilty (Section 182) could not be enhanced by Section 12022.53(c).

9   Petitioner asserted that, in response to his May 2013 petition for review before the California

10  Supreme Court, the Attorney General conceded that petitioner's sentence was contrary to state

11  statutory law but argued pursuant to People v. Hester, 22 Cal. 4th 290, 295 (2000), that petitioner

12  had forfeited his right to challenge his sentence because he had agreed to, and substantially

13  benefitted from, his plea bargain.  Lodged Doc. No. 6, Addendum to Superior Court Petition, at 2

14  n.6.

15       On June 17, 2014, while his May 2014 petition was pending in the Yolo County Superior

16  Court, petitioner filed the instant, purportedly "mixed" federal habeas petition, which asserts the

17  following two grounds for relief:  (1) petitioner was deprived of due process and the effective

18  assistance of trial counsel during plea negotiations and sentencing proceedings (Ground One), and

19  (2) petitioner's sentence under Section 12022.53 constitutes a denial of due process and cruel and

20  unusual punishment (Ground Two).  ECF No. 1.  The federal petition states that Ground One had

21  not been exhausted in the state courts but was then pending in the Yolo County Superior Court.

22  Id. at 12.

23       Also on June 17, 2014, petitioner filed a motion to stay and abey his federal petition,

24  pursuant to Rhines v. Weber, 544 U.S. 269 (2005), until such time that Ground One is exhausted

25  in the state courts.  ECF No. 2.  Petitioner explained that his federal petition was filed

26  "protectively" to preserve Ground One without running past the statute of limitations.  Petitioner

27  requested that his federal habeas petition be stayed until Ground One is ruled on by the California

28  Supreme Court.

4

1    By order filed June 20, 2014, this court directed respondent to respond to petitioner's

2    federal habeas petition and to petitioner's motion to stay.  ECF No. 4.  On September 9, 2014,

3    respondent filed the instant motion to dismiss and to deny petitioner's stay request.  ECF No. 11.

4    Plaintiff filed an opposition, ECF No. 13, and respondent filed a reply, ECF No. 14.

5    Thereafter, petitioner filed two Notices of Decision concerning the exhaustion status of

6    Ground One.  On October 6, 2014, the Yolo County Superior Court summarily denied petitioner's

7    habeas petition for failure "to make a prima facie showing that he is entitled to relief."  ECF No.

8    15 (Case No. HC CR 14-20).  On January 2, 2015, the California Court of Appeal, Third

9    Appellate District, summarily denied his petition.  ECF No. 16 (Case No. C077723).  Review of

10   the dockets in the California Court of Appeal and the California Supreme Court indicates that, as

11   of this writing, petitioner has not pursued this action in the California Supreme Court.[8]

12   III.  The Parties' Positions

13   There is no dispute between the parties that petitioner has not exhausted his Ground One

14   ineffective assistance and due process claims, which remain pending in the state courts.

15   Additionally, petitioner concedes that his Ground Two cruel and unusual punishment claim has

16   not been exhausted.  ECF No. 13 at 5:19-20.  The parties dispute whether petitioner's Ground

17   Two due process claim was exhausted in the state courts.  Petitioner contends that it was

18   exhausted, thus supporting his assertion that the instant federal petition is a "mixed" petition that

19   may be stayed under Rhines, supra, 544 U.S. 269.  Respondent contends that petitioner failed to

20   exhaust his Ground Two due process claim before commencing this action and, therefore, that the

21   instant federal petition was fully unexhausted when filed and must be dismissed on that basis.

22   Petitioner responds that, if this court finds his Ground Two due process claim unexhausted, then it

23   should find that petitioner's failure to exhaust his Ground One claim is excused under Martinez v.

24   Ryan, 132 S. Ct. 1309 (2012), premised on the failure of petitioner's initial post-conviction

25

26   [8]  This court may take judicial notice of its own records and the records of other courts.  See
     United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631

27   F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts
     that are capable of accurate determination by sources whose accuracy cannot reasonably be

28   questioned).

1    counsel to assert a claim for the ineffective assistance of petitioner's trial counsel.

2    IV.  Legal Standards

3         A.  Exhaustion of State Court Remedies

4         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

5    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

6    entitled to relief in the district court."  The Advisory Committee Notes to Rule 5 of the Rules

7    Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by

8    the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth

9    Circuit has referred to a respondent's motion to dismiss on the ground that petitioner failed to

10   exhaust state remedies as a request for the Court to dismiss the action under Rule 4 of the Rules

11   Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990);

12   White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).  Therefore, based on the Rules Governing

13   Section 2254 Cases and case law, the court will review respondent's motion for dismissal

14   pursuant to its authority under Rule 4.

15        The exhaustion of available state remedies is a prerequisite to a federal court's

16   consideration of claims sought to be presented in habeas corpus proceedings.  See 28 U.S.C. §

17   2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982).  A petitioner satisfies the exhaustion

18   requirement by providing the highest state court with a full and fair opportunity to consider all the

19   claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971),

20   Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  The

21   exhaustion "requirement serves to minimize friction between federal and state courts by allowing

22   the state an initial opportunity to pass upon and correct alleged violations of a petitioner's federal

23   rights, and to foster increased state court familiarity with federal law."  Buffalo v. Sunn, 854 F.2d

24   1158, 1163 (9th Cir. 1988).  In this manner, the exhaustion requirement is a matter of federal-

25   state comity rather than jurisdiction.  See Granberry v. Greer, 481 U.S. 129 (1987).

26        When presented with a wholly unexhausted federal habeas corpus petition, a federal

27   district court must dismiss the petition pending the exhaustion of state court remedies.  See

28   Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (completely unexhausted petition must

1    be dismissed without prejudice); <u>Jiminez v. Rice</u>, 276 F.3d 478 (9th Cir. 2001) (district court

2    properly dismissed unexhausted federal habeas petition even though at the time of dismissal the

3    claims were exhausted).  While the advent of AEDPA's one-year statute of limitations has led to

4    the development of judicially-crafted procedures to deal with exhaustion issues, this court has no

5    authority to stay a wholly unexhausted federal habeas petition.  <u>See Rhines</u>, 544 U.S. 269

6    (authorizing stay and abeyance of a mixed federal habeas corpus petition); <u>King v. Ryan</u>, 564

7    F.3d 1133 (9th Cir. 2009) (after <u>Rhines</u> district court may still stay a petition that has been

8    amended to state only exhausted claims, pursuant to <u>Kelly v. Small</u>, 35 F.3d 1063 (2003));

9    <u>Rasberry</u>, 448 F.3d 1150 (declining to extend the <u>Rhines</u> stay and abeyance procedure to wholly

10    unexhausted petitions).

11        B.  <u>Stay and Abeyance</u>

12        Petitioner requests a stay of this action under <u>Rhines</u>, <u>supra</u>, 544 U.S. 269.[9]  A federal

13    habeas corpus petition that includes both exhausted and unexhausted claims is a "mixed" petition

14    subject to dismissal.  <u>Id.</u> at 273 (federal court "may not adjudicate mixed petitions for habeas

15    corpus, that is, petitions containing both exhausted and unexhausted claims").  Under <u>Rhines</u>, a

16    district court should stay a mixed petition only in "limited circumstances," specifically, when (1)

17    petitioner demonstrates good cause for failure to first exhaust the claim(s) in the state courts, (2)

18    the claim(s) at issue are potentially meritorious, and (3) petitioner has not been dilatory in

19    pursuing the litigation.  <u>Id.</u> at 277-78.

20        Good cause under <u>Rhines</u> does not require a showing of "extraordinary circumstances."

21    <u>Jackson v. Roe</u>, 425 F.3d 653 (9th Cir. 2005).  However, "[a]n assertion of good cause without

22    evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's

23    failure to exhaust."  <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014).  One district court has

24    held that the <u>Rhines</u> good cause standard "requires the petitioner to show that he was prevented

---

25   [9]  Petitioner does not request a stay of the instant action under <u>Kelly</u>, <u>supra</u>, 35 F.3d 1063, which

26   does not require a showing of good cause.  Under <u>Kelly</u>, a petitioner may amend a mixed petition to delete unexhausted claims; seek a stay of the resulting, fully-exhausted petition while

27   proceeding to state court to exhaust the deleted claims; and later amend his federal petition to reincorporate the newly-exhausted claims.  <u>Id.</u> at 1070-71.  While this procedure does not require

28   a showing of good cause, it does not preserve the protective filing date of the federal petition.

1  from raising the claim, either by his own ignorance or confusion about the law or the status of his

2  case, by circumstances over which he had no control, such as actions by counsel, either in

3  contravention of the petitioner's clearly expressed desire to raise the claim, or when petitioner had

4  no knowledge of the claim's existence." Riner v. Crawford, 415 F. Supp. 2d 1207, 1211 (D. Nev.

5  2006).

6  V.  Analysis

7      A.  Petitioner's Federal Habeas Petition is Fully Unexhausted

8          A Rhines stay is available only if the instant federal petition is a "mixed" petition,

9  containing at least one exhausted claim. Rasberry, 448 F.3d at 1154.  In light of petitioner's

10  concessions that he has not exhausted Ground One (which remains pending in the state courts),

11  and has not exhausted his Ground Two cruel and unusual punishment claim, whether the petition

12  is mixed depends on the status of petitioner's Ground Two due process claim.[10]  Petitioner

13  contends that this claim was exhausted because it was fairly presented to the California Supreme

14  Court in his June 27, 2013 "Reply to Answer to Petition for Review" filed in the state's highest

15  court.  See ECF No. 13 at 5, citing id. at 19-35 (Exh. 5).

16          There are two problems with petitioner's exhaustion theory.  First, a federal claim

17  presented for the first time to the State's highest court on discretionary review, in a procedural

18  posture in which the state court need not consider its merits, is not "fairly presented" and

19  therefore is not exhausted.  Casey v. Moore, 386 F.3d 896, 915-18 (9th Cir. 2004) (finding that

20  presentation of federal constitutional claims to state Supreme Court in petition for discretionary

21  review, when only state law grounds for relief had been presented to the lower state courts, failed

22  to exhaust the claims), cert. denied, 545 U.S. 1146 (2005).  Here, petitioner's due process theory

23  was presented in state court for the first and only time in his Reply to the Answer to his Petition

24  for Review.  Neither petitioner's underlying May 8, 2013 petition for writ of habeas corpus filed

25  in the California Court of Appeal (Case No. C073700), see Lodged Doc. No. 2, nor his May 29,

26  2013 petition for review filed in the California Supreme Court (Case No. S211039), see Lodged

27  _____

28  [10]  Petitioner's motion to stay assumed without argument that both of his Ground Two claims
    were exhausted in the state courts.  See ECF No. 2.

1    Doc. No. 4, asserted or referenced a due process claim.  Instead, those versions of the sentencing

2    challenge asserted violations of state statutory provisions only.  Under these circumstances, the

3    applicable rules did not require the Supreme Court to consider the due process issue at all.  <u>See</u>

4    Cal. Rules of Court, Rules 8.500(b) (Supreme Court review is discretionary) & (c)(1) (Supreme

5    Court will normally not consider issues not raised below); Rule 8.516(b)(1) (if review is granted,

6    Court may decide any issues raised in the petition or answer [without reference to reply]) & (b)(3)

7    (Court need not decide every issue raised).  Because petitioner presented his federal due process

8    claim for the first time in a posture that made review unlikely at best, the due process claim was

9    not "fairly presented" and therefore is unexhausted.  <u>See</u> <u>Casey</u>, 386 F.3d at 918.

10        Even if petitioner had presented the due process theory articulated in his California

11   Supreme Court reply brief to the lower state courts and in his petition to the California Supreme

12   Court, Ground Two would not be exhausted.  A federal claim is fairly presented to the state court

13   if the petitioner described the operative facts and the federal legal theory upon which his claim is

14   based.  <u>See</u> <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1025 (9th Cir. 2008) ("Fair presentation requires

15   that a state's highest court has 'a fair opportunity to consider . . . . and to correct [the] asserted

16   constitutional defect.'"); <u>Lounsbury v. Thompson</u>, 374 F.3d 785, 787 (9th Cir. 2004) (same)

17   (quoting <u>Picard</u>, 404 U.S. at 276); <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999).

18   Exhaustion requires that petitioner specify the federal constitutional basis of his claim in state

19   court.  <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995); <u>Fields v. Washington</u>, 401 F.3d 1018 (9th

20   Cir.), <u>cert. denied</u>, 546 U.S. 1037 (2005).  To the extent that petitioner presented a due process

21   theory to the state court, it is not the same claim presented here.

22        In the 2013 reply brief, petitioner was responding to the Attorney General's argument

23   under <u>People v. Hester</u>, <u>supra</u>, 22 Cal. 4th 290, that petitioner had forfeited his right to challenge

24   his sentence by writ when he accepted his plea bargain.  In <u>Hester</u>, the California Supreme Court

25   held as follows:

26              The rule that defendants may challenge an unauthorized sentence
              on appeal even if they failed to object below is itself subject to an
27              exception:  Where the defendants have pleaded guilty in return for a
              specified sentence, appellate courts will not find error even though
28              the trial court acted in excess of jurisdiction in reaching that figure,

1

2

3

> so long as the trial court did not lack fundamental jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process.

4    Hester, 22 Cal. 4th at 295. Petitioner responded that an exception to Hester should apply when

5    the underlying sentence is patently unlawful, as the Attorney General reportedly conceded was

6    true of petitioner's sentence. See Lodged Doc. No. 6, Addendum to Superior Court Petition, at 2

7    n.6. Petitioner sought to distinguish cases relied on in Hester, and cases that thereafter relied on

8    Hester, from the facts of his own plea bargain. See ECF No. 13 at 26-34. Plaintiff's only

9    reference to due process was as follows:

10

11

12

> Second, Petitioner had the right to rely upon the advice and counsel of his attorney, rely on the representations of the district attorney, and rely upon the trial court to ensure that he was legally sentenced. There can be no waiver of this fundamental right to due process under the 14th Amendment to the United States Constitution.

13    ECF No. 13 at 26 (Exh. 5: Petitioner's June 27, 2013 Reply to Answer to Petition for Review

14    filed in the California Supreme Court); see also id. at 5.

15        The due process claim presented to this court is a direct challenge to the constitutionality

16    of petitioner's sentence. Petitioner alleges that imposition of the sentencing enhancement under

17    Section 12022.53(c) violated his due process rights. Petitioner's principal argument is that the

18    trial court "could not legally attach the twenty (20) year 'discharge of a firearm in a violent

19    offense' enhancement to the conspiracy charge." ECF No. 1 at 21. Instead, asserts petitioner,

20    "[t]he correct firearm enhancement for the non-violent crime of conspiracy to commit a felony

21    would have been pursuant to Penal Code section 12022.5(a) which provides for a punishment of

22    three (3), four (4) or ten (10) years. (Pen. Code § 12202.5(a).) This was the enhancement

23    originally attached to the conspiracy count in the Information. (CT 11.)" Id. at 21-2 n.9.

24        This federal due process claim presents an entirely different legal theory than that

25    presented by petitioner to the California Supreme Court. Petitioner's due process argument in

26    rebuttal to the Attorney General's Hester argument was premised on petitioner's asserted right to

27    rely on the advice of his trial counsel, the representations of the district attorney, and the expertise

28    and authority of the trial court. This was, in essence, an "unfair reliance" argument. The

10

1    argument was directed at overcoming an implied waiver, it was not proffered as a substantive

2    basis to set aside the sentence.  Accordingly, the argument did not provide the California Supreme

3    Court a fair opportunity to consider petitioner's claim that his sentence, itself, violates due

4    process.  See Picard, 404 U.S. at 276; Wooten, 540 F.3d at 1025.

5         For both the reasons explained above, this court finds that petitioner's Ground Two due

6    process claim was not exhausted in the state courts.  Because none of petitioner's other claims

7    were exhausted in the state courts, petitioner's federal habeas petition is fully unexhausted.  See

8    Rasberry, 448 F.3d at 1154.  This court lacks the authority stay a fully unexhausted federal habeas

9    petition.  Id.  Accordingly, under Rule 4 of the Rules Governing Section 2254 Cases, the petition

10   must be dismissed without prejudice, and petitioner's motion to stay denied as moot.

11        B.  Petitioner's Alternate "Cause and Prejudice" Argument

12        Petitioner argues, in the alternative, that this court should apply Martinez v. Ryan, supra,

13   132 S. Ct. 1309, and find "cause and prejudice" for petitioner's failure to previously exhaust

14   Ground One, the claim currently pending in the state courts.  In Martinez, a case that did not

15   involve exhaustion, the Supreme Court held that "inadequate assistance of counsel at initial-

16   review collateral proceedings may establish cause for a prisoner's procedural default of a claim of

17   ineffective assistance at trial."[11]  Id. at 1315.[12]  In essence, petitioner asks this court to refrain

18   from dismissing his federal habeas petition on exhaustion grounds by (1) construing his

19   concededly unexhausted Ground One as procedurally barred because it can no longer be

20   exhausted in the state courts, and then (2) finding cause and prejudice for the imputed default

21

22   [11]  The factors supporting a finding of "cause" under Martinez are distinct from those supporting
     a finding of "good cause" under Rhines.  But see Blake, supra, 745 F.3d at 984 ("we hold that the
23   Rhines standard for IAC-based cause is not any more demanding than the cause standard
     articulated in Martinez").
24   [12]  As a general rule, a federal habeas court "will not review a question of federal law decided by
     a state court if the decision of that court rests on a state law ground that is independent of the
25   federal question and adequate to support the judgment."  Calderon v. United States District Court
     (Bean), 96 F.3d 1126, 1129 (9th Cir.1996) (citing Coleman v. Thompson, 501 U.S. 722, 729
26   (1991)); cert. denied, 520 U.S. 1204 (1997).  A petitioner can overcome a procedural default by
     demonstrating cause and prejudice.  Coleman, 501 U.S. at 753.  Martinez creates a "narrow
27   exception" to Coleman's holding that an attorney's errors in a post-conviction proceeding do not
     constitute cause for a procedural default.  See Trevino v. Thaler, 133 S. Ct. 1911, 1917 (2013).

28

1    under Martinez.

2           Petitioner contends that his initial collateral review counsel (Masuda) rejected petitioner's

3    request[13] to assert a claim for ineffective assistance of trial counsel (Miller) for failing to

4    recognize and cure petitioner's illegal sentencing.  As earlier noted, the pleadings filed by

5    Masuda – petitioner's May 8, 2013 petition for writ of habeas corpus filed in the California Court

6    of Appeal (Case No. C073700), see Lodged Doc. No. 2, and petitioner's May 29, 2013 petition

7    for review filed in the California Supreme Court (Case No. S211039), see Lodged Doc. No. 4 –

8    allege only a violation of state statutory law.

9           Respondent replies that petitioner's argument is premature because, at the time petitioner

10   raised this argument in his opposition brief before this court, no state court had found petitioner's

11   Ground One claim to be procedurally barred.  This remains an accurate statement.  Both courts

12   that have so far considered petitioner's Ground One ineffective assistance of trial counsel claim

13   have denied it on the merits.  See October 6, 2014 Order Denying Petition for Writ of Habeas

14   Corpus filed in the Yolo County Superior Court (Case No. CR 14-20), which "summarily denied"

15   the petition because "[p]etitioner has failed to make a prima facie showing that he is entitled to

16   relief."[14]  ECF No. 15.  See also January 2, 2015 Order of the California Court of Appeal, Third

17   _____

18   [13]  In his March 17, 2013 declaration filed in support of his petition for writ of habeas corpus to
      the Yolo County Superior Court, petitioner asserted that, "Despite my request, Mr. Masuda
19   refused to raise the issue of Mr. Miller's ineffectiveness. . . ."  ECF No. 13 at 14; see also ECF
      No. 13 at 3 n.3.

20   [14]  In its order denying the petition, the Yolo County Superior Court stated in full, ECF No. 15-1:

21              The petition for writ of habeas corpus is SUMMARILY DENIED.
                Petitioner has failed to make a prima facie showing that he is
22              entitled to relief.  (Cal. Rules of Court, rule 4.551(g) ["Any order
                denying a petition for writ of habeas corpus must contain a brief
23              statement of the reasons for the denial."])

24              Petitioner has not provided all of the information required by MC-
                275 in his form petition or in the other moving papers
25              accompanying his petition. (Cal. Rules of Court, rule 4.551; MC-
                275, p. 5.)

26   (MC-275 is a blank form, approved by the Judicial Council of California, that may be used to file
27   a state Petition for Writ of Habeas Corpus.  Page 5 of MC-275 requests, inter alia, an explanation
     why a collateral claim was not made on appeal.)

28

                                                     12

1  Appellate District (Case No. C077723), summarily denying the petition.  ECF No. 16.  See also

2  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state

3  judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting

4  the same claim rest upon the same ground.").  Moreover, petitioner states that he still intends to

5  exhaust this claim in the California Supreme Court.[15]

6       Petitioner leaps too quickly from the fact that Ground One is not yet exhausted to the

7  proposition that it is procedurally barred.  Without a procedural bar, Martinez has no application.

8  While it is true that the procedural default doctrine, and its cause and prejudice exception, may

9  come into play under certain circumstances even where no state court has actually invoked a

10  state-law procedural bar, such circumstances are not present here.

11       The Ninth Circuit has held that the Martinez exception may apply where an unexhausted

12  ineffective assistance of counsel ("IAC") claim is barred from presentation to the state courts, and

13  therefore is both incapable of exhaustion and procedurally defaulted.  Dickens v. Ryan, 740 F.3d

14  1302 (9th Cir. 2014).  In this context, a finding of procedural default follows from the fact that

15  further exhaustion is *barred* by state law, id. at 1317, not from the mere fact that exhaustion has

16  not yet been achieved.  See also Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002) (an

17  unexhausted claim will be deemed procedurally defaulted if state procedural rules would now bar

18  petitioner from bringing the claim in state court).  The U.S. Supreme Court has extended the

19  availability of the Martinez exception to situations in which there is no absolute bar to the IAC

20  claim, but the state's procedural framework "as a matter of its structure, design and operation,"

21  fails to provide defendants a meaningful opportunity to present a claim of ineffective assistance

22  of trial counsel.  Trevino v. Thaler, 133 S.Ct. 1911, 1921 (2013).

---

23  [15]  In his October 6, 2014 declaration filed in support of his opposition to the pending motion to

24  dismiss, petitioner states, ECF No. 13 at 18:

25       Upon an adverse decision from the Yolo County Superior Court, I
        intend to immediately file an original petition in the California
26       Supreme Court in order to properly exhaust state remedies as to
        Claim One.

27

28  See also Petition, ECF No. 1 at 5, 6.

13

1    The findings of default in Dickens and Beaty were based on Arizona state procedural rules

2    that affirmatively prevented exhaustion under the circumstances of those cases.  See Dickens, 740

3    F.3d at 1317; Beaty, 303 F.3d at 987 (citing Ariz. Rule Crim. P. 32.2).  Martinez was also an

4    Arizona case in which the claim was barred, and Thaler involved a Texas statutory regime that

5    made it "virtually impossible" for petitioner to present his claim.  Thaler, 133 S.Ct. at 1915.

6    California imposes no statute of limitations on state habeas relief, and although successive

7    petitions are disfavored, they are not barred.  See In re Clark, 5 Cal. 4th 750 (1993).  Petitioner's

8    own case illustrates the point.  He has not been prevented from exhausting, but has been actively

9    pursuing a second round of state habeas relief – so far without success, but also without

10   imposition of any procedural bar.  Indeed, petitioner's progress in state court, and representations

11   in this court that he is pursuing exhaustion, contradict his claim of entitlement to relief from the

12   exhaustion requirement on Martinez grounds.

13   Martinez is inapposite here because it is intended to remedy a Catch-22 that petitioner

14   does not face: the inability of some habeas petitioners to obtain state court review of claims that

15   trial counsel rendered ineffective assistance, due to the failure of post-conviction counsel to raise

16   the issue at the first possible opportunity.  Petitioner's first state habeas lawyer did indeed fail to

17   raise the claim of ineffective assistance at trial, but petitioner is in the process of pursuing that

18   claim now.  Accordingly, petitioner does not need the relief from default that Martinez offers.

19   This court will not impute a procedural default under the circumstances presented here.  Because

20   Martinez is relevant only in the default context, and does not provide an exception to the

21   exhaustion requirement absent a default, it cannot affect the status of petitioner's federal habeas

22   petition as wholly unexhausted.

23   VI.  Conclusion

24   For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

25   1.  Respondent's motion to dismiss, ECF No. 11, be granted;

26   2.  Petitioner's motion to stay, ECF No. 2, be denied as moot; and

27   3.  This action be dismissed without prejudice.

28   These findings and recommendations are submitted to the United States District Judge

14

1  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

2  after being served with these findings and recommendations, any party may file written

3  objections with the court and serve a copy on all parties.  Such a document should be captioned

4  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, petitioner

5  may address whether a certificate of appealability should issue in the event he files an appeal of

6  the judgment in this case.  See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal

7  may not be taken from the final decision of a district judge in a habeas corpus proceeding or a

8  proceeding under 28 U.S.C. § 2255).  Any response to the objections shall be filed and served

9  within twenty-one days after service of the objections.  The parties are advised that failure to file

10  objections within the specified time may waive the right to appeal the District Court's order.

11  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: February 15, 2015

13

14  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15